IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| UAL CORPORATION, et al., ) | |
| ) | |
| Debtors/Appellees. ) | |
| ) | |
| ) | Case No. 05 C 0289 |
| UNITED AIR LINES, INC., ) | |
| ) | |
| Plaintiff/Appellee, ) | Honorable John W. Darrah |
| ) | |
| and ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS, ) | |
| ) | |
| Intervenor/Appellee, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, et al., ) | |
| ) | |
| Defendants/Appellants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of a contempt order of the bankruptcy court of December 9, 2004, by U.S. Bank National Association and the Bank of New York. The Debtors, UAL Corporation, *et al.*, filed a Motion to Dismiss for Lack of Jurisdiction. For the reasons that follow, the appeal is dismissed for lack of jurisdiction.

United Air Lines, Inc., a debtor, filed for Chapter 11 protection on December 9, 2002. At the time, United operated 460 aircraft subject to Section 1110 of the Bankruptcy Code. Aircraft financiers, who controlled a large number of United's aircraft, decided to work together instead of

competing for business with United. The Aircraft Providers' Group ("APG") represents more than 20 separate financing agreements that own or control 175 of United's aircraft. The financiers who are parties to the APG refused to deal with United except as a group and repeatedly threatened United with repossession of the aircraft if United did not accede to their pricing and other demands. Appellants are the trustees of several transactions involving the members of the APG. United continued to operate the aircraft during the pendency of the bankruptcy case and to negotiate a settlement with APG. On November 23, 2004, U.S. Bank sent United two repossession notices to immediately turn over four aircraft. On November 24, 2004 (the eve of Thanksgiving), U.S. Bank sent another repossession demand requiring that ten additional aircraft be returned.

On November 26, 2004, in order to prevent repossession of the aircraft, United filed a verified complaint for a temporary restraining order ("TRO") based on antitrust violations by Appellants. After the evidentiary hearing on November 26, 2004, a TRO was entered, with the bankruptcy court finding that United had shown a likelihood of success on its antitrust claims. A hearing on a preliminary injunction was set for December 15, 2004. One week later, Appellants filed an emergency motion to dissolve the TRO, challenging United's success on the merits. Appellants argued that Section 1110 of the Bankruptcy Code preempted the antitrust law and that there was insufficient evidence of conduct violating the antitrust law to support the TRO.

In response to Appellants' motion, United argued that the antitrust law could not be preempted by the bankruptcy law. United also argued that the evidence presented at the TRO hearing had established a likelihood of success on the merits and also presented additional evidence showing Appellants' unlawful and coordinated conduct that had been unearthed during discovery. This evidence showed that the APG would only negotiate as a group. On December 7, 2004, the

bankruptcy court denied Appellants' motion to dissolve the TRO, holding that Section 1110 of the Bankruptcy Code did not preempt antitrust law and that United had provided sufficient evidence of antitrust violations for the TRO to be issued.

United filed an emergency motion to compel production of documents withheld on the grounds of privilege and pertaining to the communications between members of the alleged conspiracy. On December 8, 2004, the bankruptcy court ruled on United's emergency motion, finding that a claim of an antitrust violation existed. The court held that the attorney-client privilege could be pierced under the crime-fraud doctrine. The bankruptcy court then ordered Appellants to produce to the court for *in camera* review the documents that had been withheld on privilege grounds. Appellants informed the court that it waived *in camera* inspection and refused to comply with the order for the purpose of accepting a contempt citation to advance the issue on appeal. The bankruptcy court, on December 9, 2004, entered a contempt order against Appellants. Later that day, Appellants filed a notice of appeal. United then filed a motion to dismiss for lack of jurisdiction.

Section 158 of Title 28 provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees." 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Carslon v. Brandt*, 1997 WL 5354500 (N.D. Ill. Aug. 22, 1997) (*Carlson*). In bankruptcy proceedings, the reviewing court looks at the finality of an order with a "relaxed eye" and interprets the finality requirement more liberally under Section 158 than under 28 U.S.C. § 1291. *See In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298 (7th Cir. 1997).

> Even without a formal termination of the case, a bankruptcy court's order is final and appealable if it (1) "resolves all contested issues on the merits and leaves only the distribution of the estate assets to be completed," *In re Wade*, 991 F.2d 402, 406 (7th Cir. 1992) . . .;
> (2) "ultimately determine[s] a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues," *In re Forty-Eight Insulations*, 115 F.3d [at 1298] . . .; or (3) "mark[s] the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit" by or against the trustee. *In re Klein*, 940 F.2d 1075, 1077 (7th Cir. 1991).

*Carlson*, 1997 WL 5354500 at * 3.

Based on the above standard, the December 9, 2004 order is not final and appealable. The order fails to meet the elements of the above standard: (1) it does not resolve all contested issues on the merits and will not lead to a final distribution of the assets; (2) the order does not ultimately dispose of the underlying bankruptcy case, and it does not dispose of the allegations of antitrust violations; and (3) the order does not mark the conclusion of the equivalent of a stand-alone suit. *See In re Jartran, Inc.*, 886 F.2d 859, 862-63 (7th Cir. 1989) (denial of administrative request not a final, appealable order in light of number of potential disputes between the parties that remain unresolved); *see also, In re Weinschneider*, 2000 WL 28269 (N.D. Ill. Jan.10, 2000) (order of bankruptcy court not final and appealable because further proceedings could make the contested order moot).

The district courts also have discretion to hear appeals from interlocutory orders and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(3). Generally, courts apply the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under Section 158(a)(3). *See In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (*In re Brand Name*); *BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068 (N.D. Ill. Sept. 15,

4

2003) (*BA Leasing*). Section 1292(b) provides for appellate review of non-final orders when: (1) the order appealed involves a controlling question of law, (2) there is a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See In re Brand Name*, 878 F. Supp. at 1081. Leave to appeal an interlocutory order should not be granted absent exceptional circumstances, and granting such an appeal should be done sparingly. *See In re Brand Name*, 878 F. Supp. at 1081; *BA Leasing*, 2003 WL 22176068, at *5.

Appellants fail to show that there presently exists a difficult central, unsettled question in the Seventh Circuit. *See In re Brand Names*, 878 F. Supp. at 1081 (in determining whether there are substantial grounds for a difference of opinion with respect to the issue before the court, the court must determine whether there is a difficult central question of law which is not settled by controlling authority of the sitting court); *see also, Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072 (N.D. Ill. Nov. 19, 1996) (denying interlocutory appeal, in part, because the appellant failed to demonstrate that substantial grounds for a difference of opinion on the issue existed).

Furthermore, Appellants have not identified any "exceptional circumstances" that would justify an exercise of jurisdiction over the bankruptcy court's order or that an exercise of jurisdiction would materially advance the ultimate termination of the litigation. A prompt decision by this Court would not save the parties much time and expense and would not prevent "some irreparable harm" to U.S. Bank. *See BA Leasing*, 2003 WL 22176068, at *5; *In re Huff*, 61 B.R. 678, 683 (N.D. Ill. 1986).

For the foregoing reasons, the December 9, 2004 order of the bankruptcy court is not appealable; and, therefore, the appeal is dismissed.

Date: March 18, 2005

John W. Darrah, Judge
United States District Court